UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Green,                                    Case No. 1:14 CV 1267

        Petitioner,

    v.                                        **ORDER**

Neil Turner, Warden,

        Respondent.


This is a state prisoner's habeas corpus case under 28 U.S.C. § 2254.

In 2011, petitioner Daniel Green pled guilty in the Cuyahoga County Common Pleas Court to one count of sexual battery and received a four-year prison sentence. He now contends the state courts violated his due-process rights by: 1) denying his post-plea motion for a new attorney; 2) denying his motion to withdraw his guilty plea; and 3) imposing a sentence that exceeded the permissible sentence for a first-time sex offender.

For the following reasons, I deny the petition and decline to grant a certificate of appealability.

### Background

Petitioner was initially charged with multiple counts of rape, sexual battery, gross sexual imposition, and kidnapping, but he ultimately accepted a plea bargain: a guilty plea to one sexual-

battery count in exchange for a four-year sentence and the dismissal of all other charges. *State v. Green*, 2012 WL 1564521, *1 (Ohio App.).

Soon thereafter, however, petitioner moved to withdraw his guilty plea and disqualify his counsel. After holding hearings on the motions, the trial court denied them.

Petitioner appealed to the Ohio Eighth District Court of Appeals, assigning five errors:

> 1.  The trial court's participation in the plea bargain process rendered the proceedings fundamentally unfair as to deny him due process of law.
>
> 2.  The state engaged in intentional misconduct calculated to goad him into entering his initial guilty plea.
>
> 3.  He was denied the effective assistance of counsel in violation of his Sixth Amendment Right to counsel and his Fourteenth Amendment Right to due process.
>
> 4.  The trial court erred resulting in prejudice to him by accepting his plea without first addressing him personally and informing him a guilty plea is a complete admission of guilt.
>
> 5.  The trial court erred resulting in prejudice to him when it imposed four years near the maximum sentence for a first time offender in violation of the Due Process Clause to the State and Federal Constitutions.

*Id.*, *1-6

On May 3, 2013, the court of appeals rejected these claims and affirmed.

Petitioner failed to file a timely appeal to the Ohio Supreme Court.  Instead, he filed a Motion to File a Delayed Appeal on August 9, 2012. In support, petitioner claimed that his appellate counsel filed an *Anders* brief and withdrew from the case, and that he did not know he had only 45 days to file his appeal. Petitioner stated that, if his Motion were accepted, he would raise the following claims:

-2-

1. Did the judge's conduct in all probability in mischaracterizing the potential penalties as being a life sentence and remarks; obviously that's past the time any of us in this room are going to live; with, if we went through the rest of the counts, it would be way past even young Julie's life expectancy rendered the proceedings fundamentally unfair as to deny appellant due process of law?

2. Whether the General Assembly amended R.C. 2971.01(H)(1) for purposes of clarifying that the sexually violent predator sentencing law does not require that an offender have a sexually violent offense in order to sentence under that law, or did the General Assembly merely clarify R.C. 2941.148(A), requires only an earlier conviction can support the sexually violent predator specification by amending the statute with the word "offender?"

The Supreme Court denied his Motion an dismissed his appeal on September 26, 2012. *State v. Green*, 132 Ohio St.3d 1530 (2012).

On June 12, 2014, petitioner filed his habeas petition in this court. He alleged that:

My Due Process right was violated in trial court when Judge denied my request for new counsel and to with[draw] guilty plea then sentence me to more than min[imum] sentence for a [first] time offense.

(Doc. 1 at 6).

### Discussion

In general, a state prisoner must exhaust his state-court remedies before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c). The exhaustion doctrine requires a petitioner to fairly present his claims to each level of the state-court system for those courts' review. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).

However, if the petitioner has already exhausted his state-court remedies, and no further state corrective process remains open to him, it is the procedural-default rule that bars habeas relief. The procedural-default rule blocks a federal court from reviewing a claim that was either: 1) not fairly

-3-

presented to a state court; or 2) presented to the state court, but rejected by that court on independent and adequate procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 735 & n.1 (1991).

Here, all of petitioner's claims are procedurally defaulted because he failed to present them during a complete round of state-court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). First, petitioner did not argue in the appellate court or the supreme court that the trial court erred in denying his motions to withdraw his plea and disqualify his attorney. Second, although he did challenge his sentence in the appellate court, he did make such a claim in the supreme court.

Because petitioner failed to raise these claims during a complete round of state-court review, and because no corrective process remains open to petitioner now, his claims are procedurally defaulted.

I may review petitioner's claims if he establishes cause and prejudice for the defaults or that failing to consider his claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

However, there is no basis in the record for excusing petitioner's defaults.

Petitioner indicated to the Supreme Court of Ohio that his appeal was delayed because he was unaware that he had only 45 days to file an appeal. This is not an objective factor external to the defense, and he therefore has not demonstrated "cause" for the default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6 th Cir. 1995). Moreover, petitioner does not claim he is innocent, and he has pointed to no new evidence that would make it more likely than not that no reasonable jury would convict him.

-4-

**Conclusion**

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is ORDERED THAT:

1.    Petitioner's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, granted;

2.    The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied;

3.    Petitioner's motion for appointment of counsel (Doc. 4) be, and the same hereby is, denied as moot; and

4.    No certificate of appealability will issue, because reasonable judges could not debate that petitioner's claims are procedurally defaulted. Moreover, an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge